UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-245 (NEB/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MUSE MOHAMUD MOHAMED,

Defendant.

**GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANT'S
PRETRIAL DISCOVERY MOTIONS**

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Kimberly A. Svendsen, Angela M. Munoz, and Allison K. Ethen, Assistant United States Attorneys, hereby submits its Consolidated Response to Defendant's Pretrial Discovery Motions.

## A. Motion for Disclosure of Electronic Surveillance and Wiretapping (Dkt. 21)

The defendant moves for an order requiring the government to disclose all logs, records, memoranda, and other documents or recordings of electronic surveillance or wiretapping directed against the defendant. This case does not involve a wiretap. The government has no objection to complying with its Rule 16 disclosure requirements, and already has made discovery disclosures consistent with its Rule 16 requirements, including disclosures of pen trap data. The government will continue to fully comply with its discovery obligations and disclose any and all

discoverable materials, including additional pen trap data, to the defendant as it becomes available.

## B. Motion for Brady Material (Dkt. 22)

The defendant moves for an order compelling the disclosure of certain specified information—pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963)—that may be favorable to the defendant or that could reasonably weaken the government case. The government is aware of its obligations, has complied with those obligations, and will continue to do so. The government objects to the defendant's motion to the extent that some of the defendant's requests—such as his request for immediate disclosure of the witnesses to be called at trial—go beyond the requirements of *Brady* and its progeny.

The defendant's motion also includes a request for preservation of the "rough notes of investigators." (Dkt. 22 at 2.) While the government does not object to preservation of rough notes, the government would object to any order requiring the disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes are not a statement of a witness as there was no evidence that witness signed, adopted or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as a "statement" of the agent. *See United States v. Simtob,* 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover

testifying agents destroyed rough notes of investigations as Jencks Act material when notes merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

For these reasons, the government does not object to an order requiring the retention of rough notes, but—absent additional facts or circumstances—the government should not be ordered to disclose rough notes.

### C. Motion for Early Disclosure of Jencks Act Material (Dkt. 23)

The defendant seeks an order requiring the government to make an early production of Jencks Act materials. The government objects to the request for an early disclosure of Jencks Acts materials.

It consistently has been held in this District and in the Eighth Circuit that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 n.3 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984). Accordingly, the government objects to any court-ordered disclosure of such statements prior to the witnesses' testimony.

Notwithstanding the above, the government will agree to provide Jencks Act material no later than three days before trial, provided that the defendant is required

to provide reciprocal Jencks Act disclosures at the same time.  *See United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1973).

### D.  Motion for Discovery of Rule 16(a)(1)(G) Evidence – Experts (Dkt. 24)

The defendant moves for an order governing the disclosure of expert opinions. The government does not object to its Rule 16 discovery obligations, and intends to fully comply with its Rule 16 requirements.  As to timing, the government requests an order requiring reciprocal expert disclosures no later than thirty days prior to trial.

### E.  Motion for Disclosure of Giglio Material (Dkt. 25)

The defendant moves for an order compelling the disclosure of certain specified information pursuant to *Giglio v. United States*, 405 U.S. 150 (1972.  The government is aware of its obligations, has complied with those obligations, and will continue to do so.  The government objects to the defendant's motion to the extent that it goes beyond the requirements of *Giglio* and its progeny.

### F.  Motion for Discovery and Inspection (Dkt. 26)

The defendant moves for an order essentially requiring the government to comply with its discovery obligations under Rule 16.  The government has no objection to complying with Rule 16, and already has made discovery disclosures consistent with its Rule 16 requirements.  Specifically, the government has made such disclosures to the defendant on December 1, 2021, and December 27, 2021.  The government will continue to fully comply with its discovery obligations and disclose any and all discoverable material to the defendant as it becomes available.

### G. Motion for Severance of Counts (Dkt. 27)

The defendant seeks an order severing Counts 1 and 2 of the indictment. He argues that because Count 1 and Count 2 relate to the defendant's testimony on "different dates with sufficient intervening acts[,]" they should be tried separately. (Dkt, 27 at 1.) The government objects to this motion because the indictment properly pleads two distinct counts arising from the same act or transaction.

Federal Rule of Criminal Procedure 8(a) allows for an indictment to "charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Eighth Circuit has held that "separate and distinct false declarations under 18 U.S.C. §1623[,] which require different factual proof of falsity may properly be charged in separate counts even though they are all related and arise out of the same transaction." *United States v. Scott*, 682 F.2d 695, 698 (8th Cir. 1982). Here, the indictment charges the defendant with making two false declarations during the same session of testimony before the Grand Jury on October 14, 2021. (Dkt. 1). The two false declarations are charged in two separate counts, and each count includes the specific language that is alleged to be false. The defendant gave both of the identified false declarations on October 14, 2021, during his testimony before the Grand Jury. The transcript from the defendant's October 14, 2021 testimony, which was produced with the government's initial Rule 16 disclosures, documents that the defendant made the false declarations on the same day during a single session before the Grand Jury.

The two counts are based on the same act or transaction and therefore are properly charged in the same indictment.

### H. Motion for Participation by Counsel in Voir Dire (Dkt. 28)

The defendant seeks an order permitting defense counsel to participate in voir dire examination. Although the government maintains that this motion is premature, the government has no objection to this motion. To the extent the Court provides for the opportunity for attorney voir dire, the government requests that equal time be given to both parties.


Dated: January 19, 2022                    Respectfully submitted,

                                           CHARLES J. KOVATS, JR.
                                           Acting United States Attorney

                                           */s/ Angela M. Munoz*

                                           BY: KIMBERLY A. SVENDSEN
                                           ANGELA M. MUNOZ
                                           ALLISON K. ETHEN
                                           Assistant U.S. Attorneys